UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BENJAMIN BALTAZAR-RAFAEL, | Civil No. 05-658 (JRT/JGL) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| WARDEN LeBLANC, FMC-Rochester, | |
| Respondent. | |

Benjamin Baltazar-Rafael, No. 12280-080, Federal Medical Center, Box 4000, Rochester, MN 55903, petitioner *pro se*.

David M. Genrich, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

Petitioner Benjamin Baltazar-Rafael, an inmate serving a 135-month sentence at the Federal Medical Center in Rochester, Minnesota, filed an application for habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner contends that the Bureau of Prisons ("BOP") erroneously construed 18 U.S.C. § 3624(b)(1) in calculating his "good time credit." The petition was referred to the United States Magistrate Judge Jonathan Lebedoff for a report and recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1(c). The Magistrate Judge recommended that the petition be denied, finding that the Eighth Circuit Court of Appeals, while acknowledging that the "good time credit" statute is ambiguous, held that the BOP's interpretation of the statute is reasonable and is

entitled to deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).  (Report & Recommendation at 6-7.) (citing *James v. Outlaw*, 2005 WL 677769, at *1 (8th Cir. Mar. 24, 2005)).

This matter is now before the Court on petitioner's timely objections to the Report and Recommendation.  In his objections, petitioner alleges that: the Magistrate Judge erroneously applied the doctrines of collateral estoppel and res judicata to his petition; the unpublished opinion relied on by the Magistrate Judge has no authoritative effect; and, because the "good time credit" statute is ambiguous, the rule of lenity should have been applied resulting in a ruling in petitioner's favor.  The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2).  For the following reasons, the Court overrules the petitioner's objections and adopts the Report and Recommendation of the Magistrate Judge.

Petitioner first argues that the Magistrate Judge erroneously applied the doctrines of collateral estoppel and res judicata to his petition when the Magistrate Judge cited to previous cases that have addressed the specific issues in this case.  This argument is based on a misunderstanding of the doctrines of collateral estoppel and res judicata.  The Magistrate Judge did not apply those doctrines to the petition.  Rather, the Magistrate Judge properly cited to and relied on relevant case law.  Therefore, the Court finds this argument to be meritless.

Petitioner next argues that unpublished opinions have no authoritative effect. When an unpublished decision addresses issues that are similar to the case at hand, and the reasoning is sound, however, citation to and reliance on the unpublished opinion is

appropriate. The unpublished opinion in *James* addressed the precise issues in this case and held that although the "good time credit" statute is ambiguous, the BOP's interpretation of the statute is reasonable. 2005 WL 677769, at *1. Therefore, the Magistrate Judge did not err in applying *James*. Moreover, numerous other federal courts have upheld the BOP's interpretation of the "good time credit" statute. *See Perez-Olivio v. Chavez*, 394 F.3d 45, 51-52 (1st Cir. 2005); *White v. Scibana*, 390 F.3d 997 (7th Cir. 2004); *Pacheco-Camacho v. Hood*, 272 F.3d 1266 (9th Cir. 2001). Therefore, the cases cited above, together with the *James* case, are dispositive of petitioner's claim.[1]

Lastly, petitioner argues that his interpretation of the "good time credit" statute should be preferred over the BOP's interpretation because the "good time credit" statute is a penal statute and, as such, any ambiguities under the statute should be resolved in his favor under the rule of lenity. The rule of lenity arises out of concern for individual rights and a belief that defendants should be given fair warning as to what constitutes criminal conduct. *United States v. Marek*, 238 F.3d 310, 322 (5th Cir. 2001). It pertains to a narrow realm of criminal penalties and statutes imposed for criminal conduct. *Id*. Since § 3624(b) is not concerned with crimes and their punishment, it is not a penal statute for purposes of the rule of lenity. Therefore, the rule of lenity does not apply in this case.

---

[1] In petitioner's objections, he requests a copy of the *James* opinion. In its memorandum, the government offered to send a copy of the *James* opinion to the petitioner. The Court directs the government to do so.

Defendant has also filed a motion to strike the government's response to his objections. The response was due ten days after petitioner filed his objections on March 14, 2005. When directed by the Court, the government filed a notice of no objections to the Report and Recommendation on June 6, 2005, more than sixty days late. That is unfortunate, but the Court finds that it did not need the government's response to rule on the objections. The Motion to Strike will be denied as moot in light of the Court's ruling.

### ORDER

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** Petitioner's objections [Docket No. 3] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 2]. It is therefore **ORDERED** that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to strike [Docket No. 6] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 6, 2005　　　　　　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge